**E. R. JOHNSTONE MACHINERY COMPANY. Plaintiff, v. OWENS SCREW PRODUCTS, Inc. et, Defendants.**

Toledo Municipal Court.

No. 24306.   Decided June 17, 1957.

**OPINION**

By WILEY, J.

This is an action brought by the E. R. Johnstone Machinery Company, plaintiff, against Owens Screw Products, Inc., and A. M. Donofrio, also known as Anthony M. Donofrio, defendants, on two cognovit notes described as follows:

"$191.67                                                          July 7, 1953.

One Hundred fifty-three (153) days after date for value received we promise to pay to the order of E. R. Johnstone Machinery Company One Hundred ninety-one and 67/100—Dollars with Interest at the rate of 6% per centum per annum at 300 South St. Clair Street, Toledo 4, Ohio. and we hereby authorize any Attorney at Law to appear in any Court of Record in the United States, after the above obligation becomes due and waive the issuing and service of process and confess a judgment against us in favor of the holder hereof, for the amount then appearing due, together with costs of suit and thereupon to release all errors and waive all right of appeal.

Owens Screw Products, Inc.   (Seal)

No. 5                              Stanley Heilbronner, Vice Pres.   (Seal)

Due December 7, 1953        A. M. Donofrio   (Seal)"

"$191.67                                                          July 7, 1953.

"One Hundred eighty-four (184) days after date for value received we promise to pay to the order of E. R. Johnstone Machinery Company

One Hundred ninety-one and 67/100—Dollars with Interest at the rate of 6% per centum per annum at 300 S. St. Clair Street, Toledo 4, Ohio. and we hereby authorize any Attorney at Law to appear in any Court of Record in the United States, after the above obligation becomes due and waive the issuing and service of process and confess a judgment against us in favor of the holder hereof, for the amount then appearing due, together with costs of suit and thereupon to release all errors and waive all right of appeal.

<table>
<tr><td></td><td>Owens Screw Products, Inc. (Seal)</td></tr>
<tr><td>No. 6</td><td>Stanley Heilbronner, Vice Pres. (Seal)</td></tr>
<tr><td>Due January 7, 1954</td><td>A. M. Donofrio (Seal)"</td></tr>
</table>

After judgment was entered, a motion to vacate judgment was filed on behalf of defendant, A. M. Donofrio, also known as Anthony M. Donofrio, setting forth as grounds for vacating said judgment that judgment was obtained through irregularity and other reasons. By rule of Municipal Court when such motion to vacate is filed, an answer to the original petition setting forth alleged defenses must be filed. Upon the hearing of said motion to vacate and upon consideration of the grounds contained in the motion, and the defenses set forth in the answer required by the Court, the Court ordered that the judgment previously entered be suspended and that the cause be sent to the Assignment Commissioner for trial date.

The important issue to be determined is whether or not the defendant, A. M. Donofrio, is personally obligated upon said notes. Attempting to determine this question, the Court has examined a great number of cases, including those mentioned in memorandums filed herein. As stated in Ohio Jurisprudence—

"Whether in any particular case his act is to be deemed individual or representative has proved a difficult question in many cases. Whether or not a bill or note has been executed by a party in his individual or representative capacity, is in each particular case a question to be determined from a consideration of the whole instrument." (29 **O. Jur., Page 1044.**)

No Ohio cases on all fours as the case under consideration has come to the attention of this Court, however, in other jurisdictions several such cases may be cited to illustrate the conflict which exists. Exchange Bank v. Schultz, 149 N. W., 99. In this case the note was signed as follows:

"Glendell Dairy Co. by
Henry O. Harrington, Pres.
J. E. Schultz"

In this case the trial court permitted the introduction of parol evidence. It permitted the defendant, J. E. Schultz, to show that he signed only as an officer of the Glendell Dairy Company and not as an individual. A transcript of much of the testimony was given in this case and the decision in the trial court was in favor of J. E. Schultz, however, the Appellate Court reversed the decision and stated that "at best Schultz was simply mistaken as to the legal effect of his signature but there is no showing that the payee understood he (Schultz) was to sign in a

representative capacity. Indeed, the contrary appears." The Court further stated "He (Schultz) did not show by clear and convincing evidence that they (the notes involved) were signed by him through a mutual mistake of the parties or that the payee obtained his signature through misrepresentation or fraud."

In another case, Hoffstaedter v. Lichtenstein, 196 N. Y. S., 577, the note was in this form—

"We promise to pay etc.
Carlton Auto Supplies Co., Inc.
Sam Lichtenstein
Wm. Lee, Treas."

The Court held "In an action on a note against a corporation and its president evidence of circumstances attending the execution of the note and that the president had no personal transactions with payee, was held competent to repel the presumption that the president signed as an individual. In this case the trial court sustained an objection to such parol evidence and the Appellate Court held that the trial court erred in not admitting such proofs. The Court said "Such proof might have presented a question of fact for the jury as to whether Lichtenstein was liable personally." The Court sent the case back to the trial court for a new trial.

On the other hand, we cite Coal River Colliers v. Eureka Coal etc., et al, and N. Orleans, 132 S. E., 337. In this case the note read in part—

"We promise, etc.
Eureka Coal & Wood Co., Inc.
J. Liebman, Treasurer, N. Orleans."

Orleans defended on the ground that he signed as president and not personally. The trial court admitted parol evidence on behalf of Orleans to show that he intended to sign only as president. The Appellate Court held that the trial court erred in admitting parol evidence, reversed the decision of the trial court and entered final judgment for the plaintiff in the case. Wurlitzer v. Rossmann, 190 S. W., 636, in which case the note was signed—

"International Piano Co.
N. D. Gross, Pres.
Telka Rossmann."

Rossmann was held personally liable and the Court also stated that the trial court erred in admitting parol evidence to prove that Rossmann did not sign as an individual. (Rossman actually was secretary of the company.)

At this point, a general statement taken from 32 Corpus Juris Secundum, Page 852, might well be in order.

"929. In General

"The rule excluding parol evidence to vary or explain written documents is a flexible one, subject to many exceptions.

"There is perhaps no rule of law or of evidence which is more flexible or subject to a greater number of exceptions than the rule which excludes parol evidence offered to vary or explain written documents.

"While it has been said that in the multitude of exceptions much

confusion has arisen, so that the exact limit to be placed on the exceptions depends not only on the peculiar facts of each case, but also to some extent on the peculiar cast of thought of the individuals composing the court, it may be stated generally that the courts have endeavored to adapt their ruling, either way, to the obvious demands of abstract justice in each particular case. The result is that, while the decisions are fairly uniform with respect to their abstract statements of the limitations of and exceptions to this rule, when the question arises as to whether a case presenting a particular state of facts comes within the general rule, or is taken out of it by one of the recognized limitations or exceptions, or again brought within it by one of the numerous limitations of, and exceptions to, those limitations and exceptions, the authorities are in many instances in hopeless conflict."

It appears to this Court that the pleadings in this case and the notes involved fairly raise the question as to whether or not A. M. Donofrio should be held personally liable. If for the sake of argument it would be admitted that A. M. Donofrio did intend to sign only as president of the Owens Screw Products, Inc. and not as an individual, and that E. R. Johnstone, president of the E. R. Johnstone Machinery Company, also intended A. M. Donofrio to sign as such officer and not as an individual, parol evidence should be admitted to indicate this fact. Essentially this is exactly what the defendant in the case contends to be the fact.

Without attempting to bring the facts of the present case within one of the so-called well known exceptions to the parol evidence rule, such as fraud, duress, misrepresentation, ambiguity, mutual mistake, etc., the principles of abstract justice seem to require that parol evidence be admitted in those cases where the name of a corporation appears in the signature on a note, together with the signature of an individual designated as an officer of the corporation and the signature of another individual who is not designated as an officer of the corporation but in fact is such an officer. This parol evidence should be admissible to prove the character in which the individual actually executed the note, even though his title does not appear upon the face of the instrument. However, since the effect of permitting such evidence might result in relieving an individual from personal responsibility even though he did not take advantage of the negotiable instrument act by indicating on the face of the note that he actually signed as an officer of the corporation, the proof should be by clear and convincing evidence.

However, in consideration of all of the evidence in the case before this Court and the relationship of the parties, it appears to this Court that the defendant, A. M. Donofrio, has failed to prove his contention by clear and convincing evidence. As in the case cited above, Exchange Bank v. Schultz, we can well paraphrase the words of the Court by saying at best Donofrio was simply mistaken as to the legal effect of his signature but there is no showing that the payee understood that Donofrio was to sign in a representative capacity. Indeed the contrary appears.

Therefore, it is hereby ordered and adjudged that the plaintiff have and recover judgment against the defendant, A. M. Donofrio, also known as Anthony M. Donofrio, in the sum of Three Hundred Ninety-Six and

16/100 Dollars ($396.16), plus interest at Six (6%) per cent per annum from January 29, 1954, and for costs.